UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNARD R. CORALES, et al., | CASE NO. C10-1922JLR |
| Plaintiffs, | ORDER |
| v. | |
| FLAGSTAR BANK, FSB, | |
| Defendant. | |

## I.    INTRODUCTION

Before the court is Defendant Flagstar Bank, FSB's ("Flagstar") motion for summary judgment (Dkt. # 14), and Plaintiffs Bernard R. Corales and Maria Corales's notice of voluntary dismissal (Dkt # 29). The court has reviewed Flagstar's motion, Plaintiffs' response (Dkt. # 16), Flagstar's reply (Dkt. # 22), Flagstar's supplement (Dkt. # 34), and Plaintiffs' response to Flagstar's supplement (Dkt. #35). In addition, the court has reviewed Plaintiffs' notice of voluntary dismissal (Dkt. # 29), Flagstar's opposition to

ORDER- 1

Plaintiffs' notice of voluntary dismissal (Dkt. # 30), and Plaintiffs' response (Dkt. # 31). Having considered the foregoing, as well as the records and files herein, the court DENIES Plaintiffs' notice of voluntary dismissal (Dkt. # 29), STRIKES Flagstar's motion for summary judgment (Dkt. # 14) without prejudice to re-filing if appropriate at a later date, and ORDERS Plaintiffs to file an amended complaint that meets the pleading standards of the Federal Rules of Civil Procedure within 20 days of the date of this order, as described more fully below.

## II.  BACKGROUND

Plaintiffs filed their complaint on November 29, 2010.  (Dkt. # 1.)  On January 12, 2011, Flagstar notified the court that on or about January 6, 2011, Plaintiffs had filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, Case No. 11-10142SJS, in the United States Bankruptcy Court for the Western District of Washington.  (Dkt. # 10.)  On January 18, 2011, the court ordered the parties to submit memorandum concerning whether or not Plaintiffs' case may be subject to an automatic bankruptcy stay.  (Dkt. # 11.)  Flagstar responded to the court's order "agree[ing] that the automatic [bankruptcy] stay does not stay any of the claims before the Court."  (Flagstar Resp. (Dkt. # 12) at 1.)  Plaintiffs responded stating that they "opted to voluntarily dismiss the bankruptcy upon realization that it overly complicates both actions beyond Plaintiff's legal knowledge and ability."  (Plaintiffs' Resp. (Dkt . # 13) at 2.)  Plaintiffs further stated they would "likely need to re-file the bankruptcy petition in the future for unrelated personal debt reasons, but [would] endeavor to stay that necessity beyond the duration of

this action if at all possible." (*Id.*)  The bankruptcy court dismissed Plaintiffs' petition on February 7, 2011.  (Mot. (Dkt. # 14) at 2.)

Plaintiffs' bankruptcy filing resulted in a stay of Flagstar's scheduled foreclosure sale in early January.  (*See* Resp. to Notice (Dkt. # 30) at 4.)  Following voluntary dismissal of Plaintiffs' bankruptcy action, "Flagstar . . . incur[red] the costs and delay of requesting the Trustee to issue a new Notice of Trustee's Sale and waiting an additional 45 days to schedule another sale."  (*See id.* (citing RCW 61.24.130(4)).)

On February 10, 2011, Flagstar filed a motion for summary judgment seeking the dismissal of all of Plaintiffs' claims with prejudice.  (Dkt. # 14.)  Plaintiffs filed a response to Flagstar's motion in which they apologize for the "convoluted challenge" of their complaint, and seek permission to amend it.  (Resp. (Dkt. # 16) at 2.)

On April 4, 2011, Plaintiffs filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).  (Notice (Dkt. # 29).)  In this notice, Plaintiffs seek dismissal of this action in favor of "re-fil[ing] bankruptcy in order to stay the trustee's sale. . . ."  (*Id.* at 1.)  Flagstar opposed Plaintiffs' notice of voluntary dismissal asserting that Plaintiffs were using the notice as a delaying tactic and an improper means of stalling foreclosure on their residence.  (Resp. to Notice (Dkt. # 30) at 4.)  In addition, Flagstar asserts it would be prejudiced by voluntary dismissal because its motion for summary judgment on the merits is fully briefed and pending resolution by the court.  (*Id.* at 5-6.)

## III.   ANALYSIS

**A.  Plaintiffs' Notice of Voluntary Dismissal under Rule 41(a)(2)**

Rule 41(a)(2) states in part that "an action may be dismissed at the plaintiff's request only by order of the court, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  A motion for voluntary dismissal under Rule 41(a)(2) "is addressed to the sound discretion of the district court, and its order will not be reversed unless [it] has abused its discretion." *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir. 1982).  When ruling on a motion to dismiss without prejudice brought pursuant to Fed. R. Civ. P. 41(a)(2), "the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996); Fed. R. Civ. P. 41(a)(2).  "Legal prejudice" means prejudice to some legal interest, claim or argument. *Westlands Water Dist.,* 100 F.3d at 97.  Ninth Circuit case law indicates that a district court may refuse to grant a voluntary dismissal under Rule 41(a)(2) when exceptional circumstances indicate improper tactics such as forum shopping or using voluntary dismissal as a means of delaying foreclosure. *See e.g. Central Montana Rail v. BNSF Rail Way Co.,* No. 10-35439, 2011 WL 940353, at * 1 (9th Cir. Mar. 18, 2011) (indicating that district court's conclusion that Rule 41(a)(2) motion was motivated by forum shopping was proper ground for denying the motion) (citing *Kern Oil & Refining Co. v. Tenneco Oil Co.,* 792 F.2d 1380, 1389-90 (9th Cir. 1986)); *see also In re Bevans,* No. 95-00934, 1995 WL 472114, at *2 (Bankr. D. Idaho June 19, 1995) (indicating disapproval of litigant's "history . . . of using voluntary dismissal as a means of delaying foreclosure.").

It appears to the court that Plaintiffs are attempting to use the federal courts as a tool to improperly delay adjudication of issues presently before the court. Plaintiffs waited to file their notice of voluntary dismissal until after Flagstar's motion was fully briefed and ready for disposition. (*See* Dkt. ## 14, 15, 16, 22.) Further, faced with a foreclosure sale in early January 2011, Plaintiffs chose not to move to enjoin the sale in this action, but rather file a second bankruptcy action instead. Plaintiffs then promptly dismissed their bankruptcy petition, causing Flagstar to incur the costs and delay of requesting the Trustee to issue a new Notice of Trustee's Sale and waiting an additional 45 days to schedule another sale. Now, faced again with the prospect of a trustee's sale (*see* Dkt. # 31 at 1), Plaintiffs have stated that they seek voluntary dismissal without prejudice of this action so that they can once again re-file in bankruptcy court "to stay the trustee's sale." (*Id.*) Plaintiffs indicate that they again intend to use to the bankruptcy court as a means of enjoining the sale, despite the fact that they have filed no motion seeking such relief in this court, and despite the fact that Flagstar's motion for summary judgment has been fully briefed. "[T]he mere temporary avoidance of a claim dispositive motion is not a legitimate reason to seek dismissal of . . . claims without prejudice; indeed, the avoidance of an adverse ruling is an abusive reason to seek dismissal." *Whitney v. Donley,* No. CV 05-7728ABC(FMOx), 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4, 2008) (citing *Terravona v. Kincheloe,* 852 F.2d 424, 429 (9th Cir. 1988)). Accordingly, under the circumstances here, the court denies Plaintiffs' request for voluntary dismissal without prejudice under Rule 41(a)(2).

**B. Flagstar's Motion for Summary Judgment**

In response to Flagstar's motion for summary judgment, Plaintiffs apologize for the "convoluted" nature of their complaint, and seek permission to amend it. The court construes Plaintiffs' apology to be an admission that their complaint fails to meet the pleading standards set forth in the Federal Rules of Civil Procedure and required under federal case law. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"); *see Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

The court recognizes Plaintiffs' pro se status, and accordingly, grants Plaintiffs' request for an opportunity to amend their complaint to bring it into compliance with the Federal Rules of Civil Procedure and appropriate Supreme Court and Ninth Circuit precedents. The court further directs Plaintiffs to file an amended complaint which complies with the pleading standards necessary to avoid dismissal within twenty days of the date of this order. The court cautions Plaintiffs that failure to timely file an amended complaint that meets the necessary pleading standards may result in dismissal of their complaint. As a result of the foregoing ruling, the court STRIKES Flagstar's motion for summary judgment (Dkt. # 14) without prejudice to re-filing if appropriate following the filing of Plaintiffs' amended complaint.

## IV.   CONCLUSION

Based on the foregoing, the court DENIES Plaintiffs' request for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) (Dkt. # 29), ORDERS Plaintiffs to file an amended complaint in compliance with the pleading standards of the Federal Rules of Civil Procedure within twenty days of the date of this order, and STRIKES Flagstar's motion for summary judgment (Dkt. # 14) without prejudice to re-filing if appropriate following Plaintiffs' filing of their amended complaint.

Dated this 26th day of April, 2011.

JAMES L. ROBART
United States District Judge

ORDER- 7